ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 15, 2014

The Honorable Lori J. Kaspar  
Hood County Attorney  
1200 West Pearl Street  
Granbury, Texas 76048

Opinion No. GA-1094

Re: Disposition of surplus property purchased with proceeds of the sheriff's commissary account (RQ-1207-GA)

Dear Ms. Kaspar:

You ask about the disposition of certain property belonging to a county jail commissary.[1] Local Government Code section 351.0415 authorizes a county sheriff or the sheriff's designee to operate a county jail commissary, through which inmates can purchase hygiene items and sundries. TEX. LOC. GOV'T CODE ANN. § 351.0415(a) (West 2005); *see* 37 TEX. ADMIN. CODE § 291.3 (2014) (Tex. Comm'n on Jail Standards, Inmate Commissary Plan). You state that the sheriff of Hood County recently replaced certain commissary office equipment that had been purchased with commissary proceeds.[2] Brief at 1. You explain that the old equipment is still functional but is no longer needed by the commissary staff. *Id.* You first ask whether the sheriff can transfer[3] the old equipment to another office within the sheriff's department without violating section 351.0415. *Id.*

Under section 351.0415, the sheriff or the designee "has exclusive control of the commissary funds" and must maintain "accounts showing the amount of proceeds from the commissary operation and the amount and purpose of disbursements made from the proceeds." TEX. LOC. GOV'T CODE ANN. § 351.0415(b)(1)–(2) (West 2005). The commissary accounts are subject to oversight by the county commissioners court through annual examinations of the

---

[1]Letter and Brief from Honorable Lori J. Kaspar, Hood Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (June 11, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter" and "Brief").

[2]We understand the commissary proceeds you reference to be the proceeds generated by the operation of the jail commissary, not the inmate's personal funds taken from him or her upon admission, earned while in jail, or received from others and placed in an account for the inmate's use. *See* Tex. Att'y Gen. Op. No. GA-0791 (2010) at 1, n.1 (differentiating the types of commissary funds).

[3]We understand your use of the word "transfer" in this context to mean to give or donate without return consideration.

accounts by the county auditor. *See id.* § 351.0415(d). The commissary proceeds themselves "may be used only for the purposes described in Subsection (c)," which purposes include staffing and equipping the commissary for the social and educational needs of the inmates, supplying the inmates with clothing, writing materials, and hygiene supplies, and generally providing for "the well-being, health, safety, and security of the inmates." *Id.* § 351.0415(c)(1)–(5), (g). Commissary funds may not, however, be used "to fund the budgetary operating expenses of a county jail." *Id.* § 351.0415(g).

As the officer with exclusive control of commissary funds, the sheriff has discretion to determine how equipment purchased with those funds is used. *Cf.* Tex. Att'y Gen. Op. No. GA-0901 (2011) at 3 (concluding that the sheriff is authorized to initially determine which commissary programs fall within section 351.0415). Even if no longer needed, equipment purchased with commissary funds nevertheless retains the character of those funds and, consequently, must be used to benefit inmates of the county jail in accordance with section 351.0415. TEX. LOC. GOV'T CODE ANN. § 351.0415(c), (g) (West 2005); *see also* Tex. Att'y Gen. Op. No. GA-0791 (2010) at 2 ("[T]he commissary fund must be used to benefit inmates of the county jail."). Thus, transferring commissary equipment that was purchased with commissary funds to an office, department, or entity that does not use the equipment for the benefit of county jail inmates would go beyond the permitted use of commissary funds established by section 351.0415.[4]

Assuming the sheriff cannot transfer equipment purchased with commissary funds to another office or department, you next ask whether "the surplus office equipment [must] be sold at auction and if so, [whether] the proceeds [must] be deposited back into the commissary account or into the general account of the county." Brief at 1–2. Section 351.0415 does not provide for the disposition of equipment purchased with commissary funds, and we are not aware of any authority expressly permitting a sheriff to sell such equipment, by auction or otherwise. You suggest that section 263.152 of the Local Government Code, which governs the disposition of county surplus property,[5] may require the equipment to be auctioned. *Id.* at 4. Section 263.152 provides several methods by which a commissioners court may dispose of surplus property, including by competitive bid or auction. TEX. LOC. GOV'T CODE ANN. § 263.152 (West Supp. 2014). If the sheriff determines that equipment purchased with commissary funds no longer has any use or benefit for county jail inmates, nothing prohibits the sheriff from asking the commissioners court to dispose of the equipment pursuant to section

---

[4]Whether a specific transfer of commissary property to another office, department, or entity complies with section 351.0415 is ultimately a question of fact that we cannot answer here. *See* Tex. Att'y Gen. Op. No. GA-0446 (2006) at 18 ("Questions of fact are not appropriate to the opinion process.").

[5]"Surplus property" is defined as personal property that "is not salvage property or items routinely discarded as waste; . . . is not currently needed by its owner; . . . is not required for the owner's foreseeable needs; and . . . possesses some usefulness for the purpose for which it was intended." TEX. LOC. GOV'T CODE ANN. § 263.151(2)(A)–(D) (West 2005).

263.152. Commissioners courts are required to deposit the proceeds from the sale of surplus property "in the county treasury to the credit of the general fund *or the fund from which the property was purchased*." *Id.* § 263.156(1) (West 2005) (emphasis added). Proceeds from the sale of equipment purchased with commissary funds retain their character as commissary funds and may only be used in accordance with section 351.0415. Therefore, if equipment purchased with commissary funds is sold at auction under section 263.152, the proceeds of the sale should be deposited into the commissary account from which the equipment was originally purchased.

## S U M M A R Y

Transferring equipment purchased with commissary funds to an office or department within the sheriff's office that does not operate or use the equipment for the benefit of county jail inmates would go beyond the permitted use of commissary funds established by section 351.0415 of the Local Government Code.

Equipment purchased with commissary funds that no longer has any use or benefit for county jail inmates may be sold pursuant to section 263.152 of the Local Government Code. The proceeds from the sale may only be used in accordance with section 351.0415, and should be deposited into the commissary account from which the equipment was originally purchased.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee